UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-CR-282(1) (PJS/ECW)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHADOR TOMMIE CORTEZ JACKSON,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and SHADOR TOMMIE CORTEZ JACKSON (hereinafter, the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant voluntarily agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with Conspiracy to Commit Arson, in violation of 18 U.S.C. § 371. The Defendant fully understands the nature and elements of the crime with which he has been charged. In exchange for this resolution, the United States agrees not to charge the Defendant with any other offenses committed by the Defendant on August 26, 2020.

2. **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. By pleading guilty, the Defendant admits the following facts are true and further admits that, were this matter to go to trial, the


SCANNED
JAN 28 2021
U.S. DISTRICT COURT MPLS

United States would prove these facts beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

    a.    On or about August 26, 2020, the Defendant, along with others (collectively, the "co-conspirators"), knowingly and intentionally conspired to damage and destroy, and attempt to damage and destroy, by means of fire, the Target Corporation's corporate headquarters building located at 1000 Nicollet Mall in Minneapolis, Minnesota (hereafter, the "Target Headquarters"), which is a building used in interstate or foreign commerce, and in activities affecting interstate or foreign commerce.

    b.    It was part of the conspiracy that on August 26, 2020, the Defendant and his co-conspirators gathered near the Target Headquarters in the City of Minneapolis and the District of Minnesota and thereafter collectively engaged in conduct designed to maliciously damage or destroy the building by means of a fire.

    c.    The Defendant voluntarily and intentionally joined in the agreement with co-conspirators, either at the time it was first reached, or at some later time while it was still in effect. At the time the Defendant joined in the agreement, the Defendant knew its purpose, which was to commit an act of arson at the Target Headquarters.

    d.    While the agreement was in effect, the Defendant knowingly committed one or more overt acts in furtherance of the conspiracy and to achieve its objects. Specifically, on the evening of August 26, 2020, the Defendant joined dozens of other individuals gathered outside of the Target Headquarters. The Defendant

used a construction sign to break through one of the glass doors into the Target Headquarters. The Defendant, along with his co-conspirators, breached the doors and entered the Target Headquarters. The Defendant intentionally set a fire inside the mailroom of the Target Headquarters. The Defendant attempted to light a second fire in the mailroom on top of cardboard boxes using a lighter and a bottle of ignitable liquid.

   e. Target Corporation has its corporate headquarters in the Target Headquarters building. Target Corporation is an organization that participates in interstate commerce. Specifically, Target Corporation conducts business in interstate commerce, for example by purchasing inventory through interstate commerce. Furthermore, Target Corporation stock is traded on major U.S. stock exchanges.

   f. As a result of the arson caused by the Defendant and his co-conspirators, they caused damage to Target Corporation in the amount of approximately $900,000.

  3. **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this Agreement, and based upon the concessions of the United States, the Defendant knowingly, willingly, and voluntarily gives up the right to file and litigate pre-trial motions in this case.

  4. **Waiver of Constitutional Trial Rights**. The Defendant understands that he has the right to plead not guilty and go to trial. At trial, the Defendant would

be presumed innocent, have the right to a jury trial or, in certain circumstances, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The Defendant understands that by pleading guilty, he is admitting his guilt, and, if the Court accepts the guilty plea, the Defendant will be adjudged guilty without a trial.

5. **Collateral Consequences**. The Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, the right to hold public office, and the eligibility for federal benefits.

6. **Statutory Penalties**. The parties agree that Count 1 of the Indictment (Title 18, United States Code, Section 371) is a felony offense that carries the following statutory penalties:

   a. a maximum of 5 years' imprisonment;

   b. a maximum supervised release term of 3 years;

   c. a maximum fine of $250,000;

   d. mandatory restitution; and

   e. a mandatory special assessment of $100.

7. **Revocation of Supervised Release**. The Defendant understands that if he violates any condition of supervised release, he could be sentenced to an

additional term of imprisonment up to the length of the original term of supervised release, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level is **20**. U.S.S.G. § 2K1.4(a)(2).

   b. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

   c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no Chapter 3 Adjustments apply.

   d. Acceptance of Responsibility. The government agrees to recommend that the Defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the Defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for

5

acceptance of responsibility or an enhancement for obstruction of justice should the Defendant move to withdraw his guilty plea after it is entered.

   e. Criminal History Category. The parties believe that, at the time of sentencing, the Defendant falls into criminal history category **III or IV**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status (which could impact the Guidelines advisory range of imprisonment) will be determined by the Court based on the information contained in the Presentence Report and by the parties at the time of sentencing. If the Defendant's criminal history category is something other than III or IV this is <u>not</u> a basis for either party to withdraw from this Plea Agreement.

   f. Guidelines Range. If the adjusted offense level is **17**, and the criminal history category is **III**, the Guidelines range is **30–37** months of imprisonment. If the adjusted offense level is **17**, and the criminal history category is **IV**, the Guidelines range is **37–46** months of imprisonment.

   g. Fine Range. If the adjusted offense level is **17**, the fine range is **$10,000 to $95,000**. U.S.S.G. § 5E1.2(c).

   h. Supervised Release. The Sentencing Guidelines require a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2).

9. **Discretion of the Court**. The foregoing stipulations and agreements are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart and/or vary from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable Guidelines calculations or the Defendant's criminal history category are different

6

from that stated above, the parties may not withdraw from this Agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. As a result of the concessions made by the United States, the parties agree to argue for a sentence within the properly calculated advisory guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which he is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment at the time of sentencing.

12. **Consent to VTC Change of Plea Hearing**. The Defendant understands his right, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to attend his plea hearing in court. However, due to public health considerations related to the COVID-19 pandemic, the Defendant consents to his plea hearing being held by video-teleconference ("VTC"). The United States similarly consents to holding that hearing via VTC.

13. **Restitution**. The Defendant understands and agrees that 18 U.S.C. § 3663, and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply to this case and that the Court is required to order the Defendant to make restitution to the victims of his crime. There is presently no agreement as to the amount of restitution because the precise amount of restitution is unknown. However, at the time of entry

of this Agreement, the parties estimate that the restitution owed to Target Corporation will be close to $900,000. The Defendant agrees to work with the United States to finalize the restitution amount owed to Target Corporation before sentencing. The Defendant understands and agrees that the Court will order him to make restitution to any victim of his offense, regardless of whether the victim was named in the Indictment, the count of conviction, or this Agreement. As part of this plea agreement, the Defendant agrees to be joint and severally liable with his co-conspirators Victor Devon Edwards and Leroy Lemonte Perry Williams. The Defendant further agrees to pay restitution to his victims, in the amount determined by the Court and as ordered.

14. **Disclosure of Assets**. The Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest, or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, or any business owned or controlled by the Defendant. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. As part of this Agreement, the Defendant will complete, under penalty of perjury, a financial disclosure form—provided by the United States—within two weeks of the entry of his guilty plea. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstance.

The Defendant further agrees to execute any releases that may be necessary for the United States to obtain a credit report on the Defendant to evaluate his ability to satisfy financial obligations imposed by the Court.

15. **Waivers of Appeal and Collateral Attack**. The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, the Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the Defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court, and the amount of restitution. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States, in turn, agrees to waive its right to appeal any sentence except that the United States may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

16. **FOIA Waiver.** The Defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant. Other than this Agreement, the Defendant acknowledges that no threats, promises, or representations have caused him to plead guilty. The Defendant has read this Agreement and carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts each term and condition of this Agreement.

ERICA H. MACDONALD
United States Attorney

Date: 1/5/2021

BY: CHELSEA A. WALCKER
Assistant United States Attorney

Date: 12-29-20

SHADOR TOMMIE CORTEZ JACKSON
Defendant

Date: 1/4/21

JORDAN KUSHNER, ESQ.
Counsel for Defendant

REC'D / U.S. ATTORNEY'S
JAN 21 '21 AM 10:56